Model Plan  Trustee: ☐ Marshall  ☐ Meyer
11/22/2013  ☐ Stearns  ■ Vaughn

3/17/17 9:21AM

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | Case No. **16-39882** |
| **Kenneth E O'Brien** | |
| Debtors. | Modified Chapter 13 Plan, dated 3/17/17 |

■   A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2**; (b) their ages are **Debtor, 22**; (c) total household monthly income is $ **3,875.00**; and (d) total monthly household expenses are $ **3,075.00**, leaving $ **800.00** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __800.00__ monthly for __60__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __48,000.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **10.00**% of plan payments; and during the initial plan term, totaling $ __4,800.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **First Investment Service/first**        Collateral: **2015 Kia Optima**
Amount of secured claim: $ **29,941.40** APR **6** %   Fixed monthly payment:$ **624.02** ;
Total estimated payments, including interest, on the claim: $**34,321.10**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **34,321.10**  . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **4,000.00**  . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim:     **-NONE-**     shall be paid at     **N/A**    % of the allowed amount. The total of all payments to this special class is estimated to be $     **N/A**    . [Enter this amount on Line 2g of Section H.]

Reason for the special class:          **N/A**          .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than  **10** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) ........................................................... $ 48,000.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
  (a) Trustee's fees $ 4,800.00
  (b) Current mortgage payments $ 0.00
  (c) Payments of other allowed secured claims $ 34,321.10
  (d) Priority payments to debtor's attorney $ 4,000.00
  (e) Payments of mortgage arrears $ 0.00
  (f) Payments of non-attorney priority claims $ 0.00
  (g) Payments of specially classified unsecured claims $ 0.00
  (h) Total [add Lines 2a through 2g] ........................................................... $ 43,121.10

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1] ........................................................... $ 4,878.90

(4) Estimated payments required after initial plan term:
  (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) $ 13,826.00
  (b) Minimum GUC payment percentage 10 %
  (c) Estimated minimum GUC payment [multiply line 4a by line 4b] $ 1,382.60
  (d) Estimated interest payments on unsecured claims $ 0.00
  (e) Total of GUC and interest payments [add Lines 4c and 4d] $ 1,382.60
  (f) Payments available during initial term [enter Line 3] $ 4,878.90
  (g) Additional payments required [subtract Line 4f from Line 4e] ........................................................... $ -3,496.30

(5) Additional payments available:
  (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee $ N/A
  (b) Months in maximum plan term after initial term N/A
  (c) Payments available [multiply line 5a by line 5b] ........................................................... $ N/A

| | |
|---|---|
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |

**Signatures**   Debtor(s) [Sign only if not represented by an attorney]

_____   _____   Date _____

**Debtor's Attorney**   /s/ David M. Siegel   Date   March 17, 2017

*Attorney Information (name, address, telephone, etc.)*

David M. Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100

**Special Terms** *[as provided in Paragraph G]*

1. Claims filed after the claims bar date shall not be paid by the trustee.

2. First Investment Service shall receive preconfirmation adequate protection payments in the amount of $200.00 per month.

3. Debtor(s) shall submit a copy of their tax return to the Trustee each year by June 30.  The debtors shall tender to the Trustee the amount of any tax refund in excess of $1,200.00 each year within 7 days of receipt of the tax refund.  Refunds must be received by the Trustee by June 30 of each year.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                        Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 16-39882-DRC
Kenneth E O'Brien                                                         Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: dwilliams            Page 1 of 2            Date Rcvd: Mar 20, 2017
                              Form ID: pdf003            Total Noticed: 50

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2017.
```
db             +Kenneth E O'Brien,    638 W 44th Street,    Chicago, IL 60609-3442
25191008      #+Allied Collection Service,    8550 Balboa Blvd, Suite 232,    Northridge, CA 91325-5806
25191010       +Allied Collection Svcs,    8550 Balboa Blvd,    Northridge, CA 91325-5806
25191012       +Broadway Financial,    100 Broadway,    Brooklyn, NY 11249-8611
25191014       +CB/Carsons,    PO Box 182789,    Columbus, OH 43218-2789
25191016      ++CHOICE RECOVERY INC,    1550 OLD HENDERSON ROAD,    STE 100,   COLUMBUS OH 43220-3662
                (address filed with court: Choice Recovery,      1550 Old Henderson Rd St,    Columbus, OH 43220)
25191013       +Caine & Weiner,    Po Box 5010,    Woodland Hills, CA 91365-5010
25191015       +Central Dupage Hospital,    PO Box 4090,    Carol Stream, IL 60197-4090
25191017       +Collection Bureau Of A,    25954 Eden Landing Rd,    Hayward, CA 94545-3837
25191018       +Comenity Bank/Carsons,    3100 Easton Square Pl.,    Columbus, OH 43219-6232
25191019       +Credit Management Lp,    4200 International Pkwy,    Carrollton, TX 75007-1912
25191023       +Evergreen Anestasia & Pain Mngmt Se,    PO Box 631,    Lake Forest, IL 60045-0631
25191026       +First Investment Service/first,    5757 Woodway Dr Ste 400,    Houston, TX 77057-1520
25191028       +First Premier Bank,    3820 N. Louise Ave.,    Sioux Falls, SD 57107-0145
25191027       +First Premier Bank,    Bankruptcy Department,    PO Box 5523,   Sioux Falls, SD 57117-5523
25191034       +Illinois Collection Se,    8231 185th St Ste 100,    Tinley Park, IL 60487-9356
25191036       +Kohl/Cap1,    PO Box 6497,    Sioux Falls, SD 57117-6497
25191037        Kohl/Chase(Kohl's Department Store),     Attn: Bankruptcy Department,
                 N54W 17000 Ridgewood Drive,    Menomonee Falls, WI 53051
25191038       +Med Busi Bur,    1460 Renaissance Dr,    Park Ridge, IL 60068-1349
25191039       +Merchants Credit Guide,    223 W Jackson Blvd Ste 4,    Chicago, IL 60606-6914
25273199        ONEMAIN FINANCIAL OF ILLINOIS, INC,     FKA SPRINGLEAF FINANCIAL SERVICES IL,INC,    OneMain,
                 P.O. Box 3251,    Evansville, IN 47731-3251
25191041       +Onemain,    Po Box 1010,    Evansville, IN 47706-1010
25191042       +ReadyRefresh by Nestle',    #215 6661 Dixie Highway,    Suite 4,    Louisville, KY 40258-3950
25191043       +Ruof Chiropractic Inc,    10250 Central Ave,    Oak Lawn, IL 60453-4602
25191049       +Talal Sunbulli M.D.,    10500 S Cicero Ave,    Oak Lawn, IL 60453-5205
25191050       +Verizon,    Bankruptcy Nat'l Recovery Dept,    PO Box 26055,    Minneapolis, MN 55426-0055
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
25191009       +E-mail/Text: acsofcalifornia@gmail.com Mar 21 2017 02:28:58     Allied Collection Services,
                 7120 Hayvenhurst Ave,    Van Nuys, CA 91406-3813
25191011       +E-mail/Text: bankruptcies@banfield.net Mar 21 2017 02:29:38     Banfield Pet Hospital,
                 Bankruptcy Department,    PO Box 13998,    Portland, OR 97213-0998
25191020       +E-mail/Text: creditonebknotifications@resurgent.com Mar 21 2017 02:27:34      Credit One,
                 Bankrupcty Department,    PO Box 98873,    Las Vegas, NV 89193-8873
25191021        E-mail/Text: bankruptcy@water.com Mar 21 2017 02:28:23     DS Waters of North America,
                 Bankruptcy Department,    41611 Date Street,    Murrieta, CA 92562-7058
25191022       +E-mail/Text: bknotice@erccollections.com Mar 21 2017 02:28:51     Enhanced Recovery Co L,
                 8014 Bayberry Rd,    Jacksonville, FL 32256-7412
25191025        E-mail/Text: bnc-bluestem@quantum3group.com Mar 21 2017 02:29:57      FINGERHUT/WEBBANK,
                 6250 Ridgewood Rd.,    Saint Cloud, MN 56303-0820
25191024        E-mail/Text: bnc-bluestem@quantum3group.com Mar 21 2017 02:29:57      Fingerhut,    PO Box 1250,
                 Saint Cloud, MN 56395-1250
25271658       +E-mail/Text: bankruptcynotices@fifsg.com Mar 21 2017 02:28:06
                 First Investors Servicing Corporation,    380 Interstate North Parkway,    Suite# 300,
                 Atlanta, GA 30339-2222
25191030       +E-mail/PDF: gecsedi@recoverycorp.com Mar 21 2017 02:24:41     GECRB/JC Penneys,    PO Box 965007,
                 Orlando, FL 32896-5007
25191029       +E-mail/PDF: gecsedi@recoverycorp.com Mar 21 2017 02:24:20     GECRB/JC Penneys,    PO Box 981402,
                 El Paso, TX 79998-1402
25191032        E-mail/PDF: gecsedi@recoverycorp.com Mar 21 2017 02:24:20     GECRB/JCP,    PO Box 984100,
                 El Paso, TX 79998
25191031        E-mail/PDF: gecsedi@recoverycorp.com Mar 21 2017 02:24:20     GECRB/Jcp,    PO Box 960090,
                 Orlando, FL 32896-0090
25191033       +E-mail/Text: bankruptcy@icsystem.com Mar 21 2017 02:29:40     I C System Inc,    Po Box 64378,
                 Saint Paul, MN 55164-0378
25191035        E-mail/Text: JCAP_BNC_Notices@jcap.com Mar 21 2017 02:29:08     Jefferson Capital Syst,
                 16 Mcleland Rd,    Saint Cloud, MN 56303
25338015        E-mail/PDF: resurgentbknotifications@resurgent.com Mar 21 2017 02:24:45
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
25282695        E-mail/Text: bkr@cardworks.com Mar 21 2017 02:27:13     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
25191040       +E-mail/Text: bkr@cardworks.com Mar 21 2017 02:27:13     Merrick Bank,
                 10705 S. Jordan Gtwy Ste. 200,    South Jordan, UT 84095-3977
25377819        E-mail/Text: bnc-quantum@quantum3group.com Mar 21 2017 02:28:17
                 Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
25191044        E-mail/Text: appebnmailbox@sprint.com Mar 21 2017 02:28:27     Sprint,    PO Box 4191,
                 Carol Stream, IL 60197-4191
25191045        E-mail/Text: appebnmailbox@sprint.com Mar 21 2017 02:28:27     Sprint Corp.,
                 Attn: Bankruptcy Dept.,    PO Box 7949,    Overland Park, KS 66207-0949
```

```
District/off: 0752-1           User: dwilliams            Page 2 of 2                  Date Rcvd: Mar 20, 2017
                               Form ID: pdf003            Total Noticed: 50
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
25191046          E-mail/PDF: gecsedi@recoverycorp.com Mar 21 2017 02:24:41      SYNCB/JC PENNEY DC,
                 PO Box 965007,    Orlando, FL 32896-5007
25191047          E-mail/PDF: gecsedi@recoverycorp.com Mar 21 2017 02:24:05      SYNCB/JC Penney DC,
                 PO Box  965036,    Orlando, FL 32896-5036
25191048          E-mail/PDF: gecsedi@recoverycorp.com Mar 21 2017 02:24:20      SYNCB/JC Penneys,
                 PO Box  965036,    Orlando, FL 32896-5036
25191051          E-mail/Text: wow_bankruptcy@wideopenwest.com Mar 21 2017 02:30:43      Wow,   PO Box 4350,
                 Carol Stream, IL 60197-4350
                                                                                               TOTAL: 24

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2017                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 17, 2017 at the address(es) listed below:
```
              Cari A Kauffman    on behalf of Creditor   First Investors Financial Services
               ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
              David M Siegel    on behalf of Debtor 1 Kenneth E O'Brien davidsiegellaw@hotmail.com,
               davidmsiegel@hotmail.com;author@proofofpayments.com;johnellmannlaw@gmail.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Tom  Vaughn    ecf@tvch13.net, ecfchi@gmail.com
                                                                                             TOTAL: 4
```